**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4239-18T3

DAVID MUSCIOTTO,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted September 22, 2020 – Decided October 16, 2020

Before Judges Yannotti and Haas.

On appeal from the New Jersey Department of Corrections.

David Musciotto, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Niccole L. Sandora, Deputy Attorney General, on the brief).

PER CURIAM

David Musciotto, an inmate in the State's correctional system, appeals from a final determination of the New Jersey Department of Corrections (NJDOC), which found that he engaged in a fight with another inmate and imposed disciplinary sanctions. We affirm.

In March 2019, Musciotto was incarcerated at Southern State Correctional Facility (SSCF). On March 19, 2019, at around 7:15 p.m., Corrections Officer Shatiera Smith observed Musciotto and inmate Orlando Collins engage in a physical altercation in front of the kiosk on Unit Six. In her report concerning the incident, Smith stated that she observed Musciotto and Collins "exchanging closed fist punches . . ." and ordered the inmates to stop. They complied.

Musciotto was charged with committing prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(1).[1] On March 20, 2019, Musciotto was served with the charge. An officer investigated the charge and referred the matter to a Disciplinary Hearing Officer (DHO) for further action.

The disciplinary hearing took place on March 25, 2019. Musciotto requested and was granted the assistance of a counsel substitute. Musciotto pled

---

[1] We note that "[p]rohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions . . . ." N.J.A.C. 10A:4-4.1(a).

not guilty to the charge. He claimed he did not fight with the other inmate. His counsel substitute asserted that Musciotto and Collins had a verbal misunderstanding, after which Collins hit Musciotto and ran. Musciotto did not request any witnesses, nor did he did not seek to cross-examine or confront any adverse witness.

The DHO found Musciotto committed the prohibited act, noting that he had been observed fighting and did not request other evidence. The DHO imposed the following sanctions: ninety-one days in administrative segregation, the loss of fifteen days of recreation privileges, and the loss of sixty days of commutation time. On the adjudication form, the DHO wrote that the sanctions were appropriate "to deter further charges."

Counsel substitute filed an appeal to the administrator at SSCF on Musciotto's behalf. He noted that Musciotto had denied fighting and claimed Collins admitted attacking Musciotto. He stated that self-defense applies when "one aggressor" is "being attacked" by the other person, and thus asked the administrator to rescind the sanctions.

On March 28, 2019, Associate Administrator Michael Ridgeway issued a final decision on the administrative appeal. Ridgeway found the DHO's decision was supported by substantial evidence. He noted that Musciotto had not

A-4239-18T3

presented any evidence to the DHO regarding self-defense, and the sanctions imposed were "proportionate" to the prohibited act.

On appeal, Musciotto argues: (1) the NJDOC's decision was unreasonable because there was credible evidence available of video footage of the incident that shows he did not commit the prohibited act; (2) the NJDOC's factual conclusions are wide off the mark and manifestly mistaken, in violation of his right to due process, the applicable statute, and the administrative regulations.

The scope of our review of a final decision of an administrative agency is "severely limited." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994) (citing Gloucester Cnty. Welfare Bd. v. N.J. Civ. Serv. Comm'n, 93 N.J. 384, 390 (1983)). We can "intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." Ibid.

In an appeal from a final decision of the NJDOC in a prisoner disciplinary matter, we consider whether there is substantial credible evidence in the record to support the NJDOC's decision that the prisoner committed the prohibited act. Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). We also must consider whether, in making its decision, the NJDOC followed the

regulations governing prisoner disciplinary matters, which were adopted to afford inmates due process. See McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995).

We are convinced there is sufficient credible evidence in the record to support the NJDOC's decision that Musciotto committed prohibited act *.004, fighting with another person. As noted, Officer Smith observed Musciotto and inmate Collins engaging in a physical altercation. In her report, Smith stated that Musciotto and Collins were "exchanging closed fist punches . . . ."

The record shows that during the disciplinary hearing, Musciotto neither presented any witness to support his claim that he did not strike Collins, nor did he seek to cross-examine or confront any adverse witness. There is sufficient credible evidence in the record to support the DHO's finding that Musciotto engaged in a fight with Collins.

Musciotto argues, however, that he was denied due process in the disciplinary process. He contends he was not given sufficient time in which to formulate a strategy with his counsel substitute. He also claims the DHO did not consider relevant evidence, specifically a video tape that allegedly recorded his altercation with Collins.

We note that Musciotto had the opportunity to raise these issues in the administrative proceedings and did not do so. Ordinarily, we decline to address issues that are raised for the first time on appeal. See In re Stream Encroachment Permit, No. 0200-04-0002.1 FHA, 402 N.J. Super. 587, 602 (App. Div. 2008) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Nevertheless, we are convinced the record does not support Musciotto's claim that he was denied due process. According to the adjudication form, Musciotto claimed Collins punched him and he did not return a punch. The record does not indicate that Musciotto sought additional time to confer with counsel substitute to prepare this defense, or that additional time was needed.

Moreover, the record does not show that Musciotto asked the NJDOC to produce the video tape of the incident at the disciplinary hearing. There is nothing in the record to support Musciotto's claim that the incident was, in fact, captured on a videotape. Therefore, Musciotto's claim that the NJDOC did not consider relevant evidence is without merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4239-18T3